OPINION
{¶ 1} Appellant appeals her conviction in the Stark County Court of Common Pleas as to one count of trafficking in drugs, in violation of R.C. 1915.03(A)91)(c)(2)(a).
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On November 4, 2002, the Stark County Grand Jury indicted Appellant, Linda Ingram, on one count of trafficking in drugs in violation of R.C. § 2925.03(A)(1)(c)(2)(a), a felony of the fifth degree.
 {¶ 4} On January 6, 2003, after initially entering a plea of not guilty, Appellant decided to change her plea to guilty.
 {¶ 5} Subsequent to a Crim.R. 11 hearing, the trial court accepted Appellant's guilty plea. The trial court deferred sentencing pending a pre-sentence investigation report.
 {¶ 6} On January 9, 2003, Appellant filed a motion to withdraw her guilty plea.
 {¶ 7} On January 17, 2003, the trial court conducted a hearing on said motion.
 {¶ 8} By Judgment Entry dated February 4, 2003, the trial court overruled Appellant's motion to withdraw her guilty plea.
 {¶ 9} On February 18, 2003, Appellant filed a motion to reconsider the trial court's ruling.
 {¶ 10} On February 26, 2003, the trial court again conducted a hearing and overruled said motion.
 {¶ 11} The trial court then sentenced appellant to three years community control sanction.
 {¶ 12} Appellant filed an appeal and this matter is now before this court for consideration.
 {¶ 13} Appellant's assignments of error are as follows:
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DENIED HER MOTION TO WITHDRAW HER PLEA OF GUILTY.
 {¶ 15} "II. THE APPELLANT MAY HAVE BEEN DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO RAISE HER LOW IQ LEVEL UPON THE RECORD."
 I. {¶ 16} Appellant claims the trial court erred in not allowing her to withdraw her guilty plea. We disagree.
 {¶ 17} Criminal Rule 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 18} Appellant's motion to withdraw was filed after the plea hearing, but prior to the sentencing hearing. Appellant's motion was premised on newly discovered evidence which involved impeachment evidence concerning the confidential informant involved in this case. Appellant argued she should be allowed to withdraw her guilty pleas based on the State's failure to disclose this impeachment information, i.e. the informant had prior felony convictions and an outstanding warrant in Michigan. Appellant argued that the suppression of this evidence was a violation of her due process rights. See Brady v. Maryland (1963),373 U.S. 83.
 {¶ 19} In United States v. Ruiz (2002), 536 U.S. 622, the United States Supreme Court held that Brady does not apply in cases involving guilty pleas as in the case sub judice. In Ruiz, the Supreme Court held that such "impeachment information is special in relation to the fairness of a trial, not in respect to whether a plea is voluntary." Id.
 {¶ 20} Upon review, we find no evidence that the plea was not knowingly and voluntarily given.
 {¶ 21} Appellant's first assignment of error is overruled.
 II. {¶ 22} In her second assignment of error, Appellant argues that she was denied effective assistance of counsel. We disagree.
 {¶ 23} Specifically, Appellant argues that her trial counsel should have raised her low IQ level on the record.
 {¶ 24} The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 25} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 26} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 27} The trial court had the opportunity to speak with appellant over an extensive period of time and observe her reactions to questions and answers during the Crim R. 11 plea hearing.
 {¶ 28} Upon review, we find the colloquy between the trial court and appellant was sufficient to support the trial court's decision the guilty plea was voluntary.
 {¶ 29} Appellant's second assignment of error is denied.
 {¶ 30} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By: Boggins, J., Hoffman, P.J. and Farmer, J. concur.